■ GRETCHEN DEHNCKE, Respondent, v. KARL DEHNCKE, Appellant.— *Per Curiam.* This is an appeal by defendant husband from an order of the Supreme Court at Special Term which denied his application to open his default in pleading and for leave to interpose an answer alleging a counterclaim for an annulment of the marriage on the ground that a Mexican decree of divorce terminating plaintiff's prior marriage was void. The motion was made on the day before the interlocutory decree of divorce granted plaintiff would have become final as of course. The parties having lived together for about two prior years were married in Connecticut on August 3, 1945 following the grant of the foreign decree. Defendant's explanation for the default is that the wife's prior divorce was a nullity because of an alleged "mail-order" characteristic of which he was unaware. It is undisputed that he induced and arranged the procurement of the Mexican decree and paid all expenses, including legal fees, incurred in obtaining it. After the entry of the interlocutory judgment in this action and before it had achieved finality defendant contracted a marriage with an 18-year-old girl. It appears that after the suit was instituted the parties entered into a stipulation whereby they divided their jointly owned real property and household furniture, provided for certain parental custodial rights and fixed the amount of defendant's weekly liability for plaintiff's future support. An affidavit by the attorney who represented plaintiff in the divorce action states that after the interlocutory decree had been granted and defendant given a copy of it, appropriate deeds to effectuate the real estate transfers contemplated by the agreement were executed and delivered by the parties. The assertions made to gain the favor of the court are palpably false and the conclusion is inescapable that defendant's default was deliberate and intentional. It is a fair inference that the legal stratagem attempted was convicted by defendant to evade the support obligations which he had assumed. The liberal policy which generally obtains in relieving parties of defaults in matrimonial actions has no application in a case where, as here, the default was calculated. On this record the discretion residing in Special Term was not abused. (*Little* v. *Merrill*, 1 A D 2d 724.) Order affirmed, with $25 costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.